1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT
9                      CENTRAL DISTRICT OF CALIFORNIA

10  LEAPFROG ENTERPRISES, INC., a          Case No.: 2:14-CV-6752
    Delaware Corporation,
11
               Plaintiff,
12
       vs.
13                                         **PROTECTIVE ORDER ENTERED**
    NAVYSTAR COMPANY LTD., a Hong          **PURSUANT TO THE STIPULATION**
14  Kong Corporation; VICTOR G.            **OF THE PARTIES**
    PETRONE & SON, INC., a California
15  Corporation,
16             Defendants.
17

18      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the
19 parties' Stipulated Protective Order ("Stipulation") filed on October 27, 2014, the
20 terms of the protective order to which the parties have agreed are adopted as a
21 protective order of this Court (which generally shall govern the pretrial phase of this
22 action) except to the extent, as set forth below, that those terms have been
23 substantively modified by the Court's amendment of paragraphs 1, 8, 10(c), 12, 13, 16
24 of, and Exhibit A to, the Stipulation and the deletion of paragraphs 31 and 32 of the
25 Stipulation.
26      The parties are expressly cautioned that the designation of any information,
27 document, or thing as Confidential, Confidential Information, Confidential –
28 Attorneys' Eyes Only or other designation(s) used by the parties, does not, in and of

1  itself, create any entitlement to file such information, document, or thing, in whole or
2  in part, under seal.  Accordingly, reference to this Protective Order or to the parties'
3  designation of any information, document, or thing as Confidential, Confidential
4  Information, Confidential – Attorneys' Eyes Only, or other designation(s) used by the
5  parties, is wholly insufficient to warrant a filing under seal.
6         There is a strong presumption that the public has a right of access to judicial
7  proceedings and records in civil cases.  In connection with non-dispositive motions,
8  good cause must be shown to support a filing under seal.  The Court has stricken the
9  parties' good cause statement, because the Court may only enter a protective order
10 upon a showing of good cause, <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d
11 1172, 1176 (9th Cir. 2006), <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11
12 (9th Cir. 2002), <u>Makar-Welbon v. Sony Electrics, Inc.</u>, 187 F.R.D. 576, 577 (E.D.
13 Wis. 1999) (even stipulated protective orders require good cause showing), and a
14 specific showing of good cause or compelling reasons (see below), **with proper**
15 **evidentiary support and legal justification**, must be made with respect to each
16 document or item designated as "CONFIDENTIAL," "CONFIDENTIAL
17 INFORMATION," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or other
18 designation(s) used by the parties, which a party seeks to have filed under seal.  The
19 parties' mere designation of any information, document, or thing as Confidential,
20 Confidential Information, Confidential – Attorneys' Eyes Only, or other
21 designation(s) used by parties, does not -- **without the submission of competent**
22 **evidence, in the form of a declaration or declarations, establishing that the**
23 **material sought to be filed under seal qualifies as confidential, privileged, or**
24 **otherwise protectable** -- constitute good cause.
25        Further, if sealing is requested in connection with a dispositive motion or trial,
26 then compelling reasons, as opposed to good cause, for the sealing must be shown,
27 and the relief sought shall be narrowly tailored to serve the specific interest to be
28

1  protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir.
2  2010).  For each item or type of information, document, or thing sought to be filed or
3  introduced under seal in connection with a dispositive motion or trial, the party
4  seeking protection must articulate compelling reasons, supported by specific facts and
5  legal justification, for the requested sealing order.  **Again, competent evidence**
6  **supporting the application to file documents under seal must be provided by**
7  **declaration.**
8          Any document that is not confidential, privileged, or otherwise protectable in its
9  entirety will not be filed under seal if the confidential portions can be redacted.  If
10 documents can be redacted, then a redacted version for public viewing, omitting only
11 the confidential, privileged, or otherwise protectable portions of the document, shall
12 be filed.  Any application that seeks to file documents under seal in their entirety
13 should include an explanation of why redaction is not feasible.
14         Notwithstanding any other provision of this Protective Order, in the event that
15 this case proceeds to trial, all information, documents, and things discussed or
16 introduced into evidence at trial will become public and available to all members of
17 the public, including the press, unless sufficient cause is shown in advance of trial to
18 proceed otherwise.
19         Further, notwithstanding any other provision of this Protective Order, no
20 obligation is imposed on the Court or its personnel beyond those imposed by the
21 Court's general practices and procedures.
22         **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT**
23 **IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE**
24 **JOHN F. WALKER, UNITED STATES DISTRICT JUDGE, INCLUDING**
25 **THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER**
26 **SEAL.**
27         <u>**AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND**</u>
28

# MODIFIED BY THE COURT[1]

## DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions, including data, summaries, and compilations derived therefrom that is **designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"** by any party or non-party to which it belongs.

2. The term "Materials" shall have the broadest interpretation as to encompass anything and everything produced and/or disclosed in accordance with this Protective Order and shall include, but shall not be limited to: documents; correspondence; personal contact information or passwords; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and designated contract attorneys and other support staff employed in the law firms identified below.

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

4. The term "Party" shall mean, in the plural as well as the singular, any named plaintiff or defendant in this action, and shall include any present directors, officers, or employees of any party.

5. The term "Producing Party" shall mean a Party or non-party that produces Materials in the course of this litigation.

6. The term "Designating Party" shall mean a Party or non-party that designates Materials that it produces in disclosures or in discovery as "Confidential."

7. The term "Receiving Party" shall mean a Party that receives Materials from a Producing Party in the course of this litigation.

## **GENERAL RULES**

8. Each Party or non-party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to the Stipulated Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

a. Designation as "CONFIDENTIAL": Any Party or non-party to this litigation may designate information as "CONFIDENTIAL" if the Party or non-party believes, in good faith, that the Materials contain proprietary information, confidential business or financial information, information that may (for any business or competitive purposes) need to be protected from disclosure, trade secrets, and/or information in which the Party or a non-party has a privacy interest or an interest to keep confidential.

b. Designation as "CONFIDENTIAL – ATTORNEYS EYES ONLY": Any Party or non-party to this litigation may designate information as "CONFIDENTIAL – ATTORNEYS EYES ONLY" if the Party or non-party believes, in good faith, that the Materials contain proprietary information, confidential business

or financial information, information that may (for any business or competitive purposes) need to be protected from disclosure, trade secrets, and/or information in which the Party or a non-party has an privacy interest or an interest to keep confidential, and that such Materials should be protected from disclosure to other Parties, and should be strictly viewable only by Counsel or others described in paragraph 13 for the purposes of this litigation.

9. In the event a Party or non-party produces documents in response to a request for production of documents, the Producing Party may designate documents (including any portions thereof and any information contained therein) as Confidential and shall stamp, mark, or place a physical and/or electronic label on those documents stating "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

10. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party or non-party:

a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY;"

b. the disclosing Party or non-party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 12 below; and

c. the originals of said deposition transcripts and all copies thereof shall

bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless the party seeking to file it seeks permission to file it under seal **-- in accordance with the requirements of Local Rule 79-5 and the provisions of this Protective Order --** and identifying it as being subject to this Protective Order.  Nothing in this Protective Order shall prevent a party from presenting any portion of any deposition transcript not designated "CONFIDENTIAL" by any means.

      11.   All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not be disclosed by the Receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

      12.   Information designated "CONFIDENTIAL" shall be disclosed only to (a) the Court and its **employees** in this litigation pursuant to paragraph 16 of the Stipulated Protective Order, (b) any Party, or any officer, director, or employee of a party to extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; (c) Counsel of record and designated contract attorneys employed by counsel of record, any Party's in-house counsel assigned to participate in or supervise this case, and personnel of such counsel of record or in-house counsel of the set forth in paragraph 3 of the Order; (d) experts and/or consultants (together with their clerical staff) retained by Counsel of record on behalf of the Parties, who have signed the "Acknowledgement and Agreement to Be Bound by The Protective Order" (attached hereto as "Exhibit A"); (e) mediators and/or discovery referees selected by Counsel of record on behalf of the parties or appointed by the Court in this action; (f) court reporter(s) employed in this action; (g) litigation

1  support services, including outside copying services, court reporters, stenographers, or
2  companies engaged in the business of supporting computerized or electronic discovery
3  or trial preparation employed in this action; (h) non-party witnesses at any depositions
4  in this action to the extent deemed in good faith reasonably necessary by Counsel to
5  aid in the prosecution, defense, or settlement of this action, who have signed the
6  "Acknowledgement and Agreement to Be Bound by The Protective Order"; and (i)
7  any other persons to whom the Parties agree in writing or on the record to disclose
8  such information.  Nothing in this Protective Order prevents a Designating Party from
9  disclosing "CONFIDENTIAL" information designated solely by it as such to any
10 person.

11         13.    Information designated "CONFIDENTIAL – ATTORNEYS EYES
12 ONLY" shall be disclosed only to (a) the Court and its **employees** in this litigation
13 pursuant to paragraph 16 of this Protective Order, (b) counsel of record and designated
14 contract attorneys employed by Counsel of record, and personnel of such Counsel of
15 record set forth in paragraph 3 of the Order; (c) experts and/or consultants (together
16 with their clerical staff) retained by counsel of record on behalf of the Parties, who
17 have signed the "Acknowledgement and Agreement to Be Bound by Protective
18 Order" (attached hereto as "Exhibit A"); (d) mediators and/or discovery referees
19 selected by counsel of record on behalf of the parties or appointed by the Court in this
20 action; (e) court reporter(s) employed in this action; (f) litigation support services,
21 including outside copying services, court reporters, stenographers or companies
22 engaged in the business of supporting computerized or electronic discovery or trial
23 preparation employed in this action; (g) non-party witnesses at any depositions in this
24 action to the extent deemed in good faith reasonably necessary by Counsel to aid in
25 the prosecution, defense, or settlement of this action, who have signed the
26 "Acknowledgement and Agreement to Be Bound by Protective Order"; and (h) any
27 other persons to whom the Parties agree in writing or on the record to disclose such
28

information. Nothing in this Protective Order prevents a Designating Party from disclosing "CONFIDENTIAL – ATTORNEYS EYES ONLY" information designated solely by it as such to any person.

14. As long as Counsel has explained the contents of Exhibit A to any third party and obtained the signature of the third party, no Counsel shall be responsible for any disclosures, inadvertent or otherwise, made by the third party of any Confidential Information.

15. With respect to Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

16. All Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions, or other papers containing Material designated "Confidential," shall be filed in accordance with the procedures set forth in Central District of California Local Rule 79-5. Any Party seeking to file any Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" must apply for permission from the Court to file such Material under seal and set forth with particularity in the application the reasons for seeking such permission **and provide competent evidence establishing that the Material does, in fact, contain or reflect confidential, proprietary, or trade secret information that warrants filing under seal under the governing legal standards**. If the Court finds that the material is not qualified for filing under seal, the Court may direct the material be filed publicly, issue an order to show cause why the material should not be filed publicly, or issue such other order as is just.

17. At any stage of these proceedings, any Party may object to a designation of the Materials as Confidential Information. The Party objecting to confidentiality

shall notify in writing, counsel for the Designating Party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the Parties within seven (7) business days of receipt of such a notice of objections, the objecting Party may move the Court for a ruling on the objection. The Materials at issue shall be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

18. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each Party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of **Materials containing or referencing** such information. If Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to protect further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19. No Party shall be responsible to another Party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

20. If a Party or non-party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the Designating Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. The Receiving Party

must treat the Materials as confidential, once the Designating Party so notifies the Receiving Party. If the Receiving Party has disclosed the Materials before receiving the designation, the Receiving Party must notify the Designating Party in writing of each such disclosure. Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

21. Nothing herein shall prejudice the right of any Party or non-party to object to the production of any discovery material on the grounds that the document is protected as privileged or as attorney work product.

22. Nothing herein shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents or the information shall not be disclosed.

23. This Protective Order shall be without prejudice to the right of a Party or non-party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24. If any Party has obtained Confidential Information in accordance with this Protective Order and receives a request to produce such Confidential Information by subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly notify the producing and/or Designating Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process). Notwithstanding the foregoing, nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or court order.

25. Upon final termination of this action, including any and all appeals, counsel for each Party shall, upon request of the Producing Party, return the Confidential Information to the Party or non-Party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the Receiving Party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

26. The restrictions and obligations set forth herein shall not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party. Prior knowledge must be established by pre-production documentation.

27. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

28. Transmission by facsimile and/or by email to the addresses set forth on the caption of the Stipulation for Protective Order, or to other addresses as may be

agreed by the parties in writing, with a subject heading referring to this Action and to this Protective Order, is acceptable for all notification purposes herein.

29. **Inadvertent Production of Privileged or Protected Documents.** If information subject to a claim of attorney-client privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information. If a party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the Producing Party of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) court days of such request unless the Receiving Party intends to challenge the Producing Party's assertion of privilege or protection. All copies of inadvertently produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a Receiving Party objects to the return of such information within the seven (7) court day period described above, the Producing Party may move the Court for an order compelling the return of such information. Pending the ruling, a Receiving Party may retain the inadvertently produced documents in a sealed envelope and shall not make any use of such information.

30. Any violation of this Protective Order may constitute contempt of Court, and be punishable as such, and may subject the offending party to such additional and further remedies as may be available to the aggrieved party. This Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

IT IS SO ORDERED.

DATED: December 2, 2014.

*Margaret A. Nagle*

Margaret A. Nagle
United States Magistrate Judge

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that:

1. I have read in its entirety and understand the Protective Order entered in *LeapFrog Enterprises, Inc. v. Navystar Company Ltd., et al.*, and have received a copy of the Protective Order.

2. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

3. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

4. I promise that I will use any and all "Confidential Information," as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist Counsel in the litigation of this matter.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____

_____
(Print Name)

_____
(Signature)